UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE D. THOMPSON-MOORE,

Petitioner,

v.

ROBERT VASHAW,

Respondent.
_____/

Case No. 21-cv-11264

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [#3]**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court is Petitioner's Motion for the Appointment of Counsel and for Oral Arguments. ECF No. 3. For the reasons stated below, the Motion will be DENIED WITHOUT PREJUDICE.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the district court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain

1

justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the instant matter, Petitioner filed a petition for a writ of habeas corpus and a fifty-six-page memorandum of law in support of the petition, which raises two claims for relief and cites to numerous federal and state cases. Petitioner has also attached several exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the Court. Furthermore, until this Court reviews the pleadings filed by Petitioner and Respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus,

the interests of justice do not require appointment of counsel at this time. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254, Rules 6(a), 8(c).

Accordingly, the Court will deny the Motion without prejudice. The Court will reconsider Petitioner's Motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

Further, a federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See, e.g., Haskell v. Berghuis,* 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010). Here, Petitioner's request for oral argument is premature. The Court will reconsider Petitioner's Motion once it receives and reviews all of the pleadings and Rule 5 materials.

Thus, Petitioner's Motion for Appointment of Counsel [#3] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                              s/Gershwin A. Drain
                                                               GERSHWIN A. DRAIN
                                                               UNITED STATES DISTRICT JUDGE

Dated: July 15, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 15, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager