UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE D. THOMPSON-MOORE,

Petitioner,

v.

ROBERT VASHAW,

Respondent.

_____/

Case No. 21-cv-11264

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* [#1]**

**I. INTRODUCTION**

Petitioner Maurice D. Thompson-Moore, confined at the St. Louis City Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit murder, MICH. COMP. LAWS § 750.83, three counts of armed robbery, MICH. COMP. LAWS § 750.529, carrying a dangerous weapon with unlawful intent, MICH. COMP. LAWS § 750.226, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, four counts of possession of a firearm in the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, and being a habitual offender, MICH. COMP. LAWS § 769.10. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## II. Factual Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *see also Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> At approximately 7:40 p.m. on September 10, 2018, two men robbed the Family Dollar on Schoolcraft Road in Detroit. Both robbers carried guns and wore masks covering their faces. The two men demanded that the cashier, Reyanna Locket, open the cash register for them. Locket told the men that she could not open the cash register and needed to get a manager to open it. The two men followed Locket into the back of the store to get the manager, Tracey Avery. The men pointed their guns at Avery and demanded that she open the cash register.
>
> As Avery fumbled to open the cash register, the store's security guard, Marquise Harris, came out of the bathroom and began shooting at the two men. Harris shot and killed one of the robbers, who was later identified as defendant's brother, Kevin Thompson. In addition, Harris shot the second robber in the upper-right portion of his torso. Harris, Locket, Avery, and Adriel Willis, a customer who was at the Family Dollar during the robbery, all testified that they could not see the face of either robber because the men were wearing masks. Harris, however, attempted to identify defendant as the second robber by his eyebrows.
>
> Pamela Moore, defendant's mother, testified that she spoke to defendant at 7:46 p.m. on the night of the robbery. Moore testified that they had a poor cell-phone connection, but defendant was crying, and he informed Moore that he was on Schoolcraft Road and had been shot. A few minutes later, Moore received a phone call from her fiancé, Johnny Byrd, who informed her that defendant was at her home, which was approximately five to seven minutes away from the Family Dollar, and that Byrd was going to take defendant to the hospital.

> At approximately 8:30 p.m., defendant was dropped off at Beaumont Hospital in Taylor, where he was treated for a gunshot wound. Detroit Police Department Detective Shannon Wright testified that Beaumont Hospital was approximately a 20-minute drive from the Family Dollar. Defendant informed Taylor Police Department Officer Steven Kish that he was shot while walking to a gas station on Warren Avenue near Evergreen Road. Detective Wright testified, however, that no shootings were reported that evening, other than the one that occurred at the Family Dollar.
>
> Stan Brue, a forensic analyst for the Detroit Police Department, testified that within 15 minutes of the robbery, two phone calls were placed from defendant's cell phone in the area of the Family Dollar. Furthermore, Detroit Police Sergeant Kevin White explained that defendant was a suspect in this armed robbery because two men were involved in the robbery, defendant's brother was shot and killed during the robbery, Harris shot both robbers, and defendant appeared at the hospital soon after the robbery with a gunshot wound.

*People v. Thompson-Moore*, No. 348242, 2020 WL 5581710, at *1 (Mich. Ct. App. Sept. 17, 2020), *lv. den.* 507 Mich. 883, 954 N.W.2d 819 (2021).

Petitioner seeks a writ of habeas corpus on the following two grounds: (1) sufficiency of the evidence, and (2) his sentence.

### III. LEGAL STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

3

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, a state inmate must show that

the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision was reasonable. *See Woods v. Etherton*, 578 U.S. 113, 118 (2016).

## IV. DISCUSSION

### A. Sufficiency of the Evidence Claim

Petitioner argues that there was insufficient evidence to establish that he participated in the robbery of the Family Dollar store with his now deceased brother.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence supporting a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt

5

beyond a reasonable doubt." *Id*. at 334 (Stevens, J., concurring) (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318–19 (internal citation and footnote omitted) (emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence."). Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); *see also Holland v. United States*, 348 U.S. 121, 140 (1954) (describing circumstantial evidence as "intrinsically no different

6

from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more.").

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Petitioner claims that there was insufficient evidence to establish that he was the perpetrator who participated in the Family Dollar store robbery with his brother. The Michigan Court of Appeals rejected Petitioner's claim as follows:

> Defendant asserts that the prosecutor presented insufficient evidence to establish his identity as the second robber. As explained earlier, none of the eyewitnesses to the robbery were able to identify the robbers because they wore masks. Nonetheless, the prosecutor

7

presented circumstantial evidence that tended to identify defendant as the second robber. Cell-phone records indicated that defendant placed two telephone calls from an area near the Family Dollar, close in time to the robbery. Defendant's mother admitted that he called her within minutes of the robbery, crying and stating that he was on Schoolcraft Road and had been shot. Defendant's brother was positively identified as the first robber. The store security guard shot the second robber, and defendant not only told his mother that he had been shot, but appeared at a hospital with a gunshot wound close in time to the robbery. Although defendant told police that he had been shot in a different location, a police witness testified that no shootings were reported that evening, other than the one that occurred at the Family Dollar. From these facts, we conclude that the prosecutor presented sufficient circumstantial evidence to convince the jury, beyond a reasonable doubt, that defendant was the second robber.

*People v. Thompson-Moore*, 2020 WL 5581710, at *2.

In the present case, there was strong circumstantial evidence that established Petitioner's identity as one of the perpetrators. Circumstantial evidence alone is sufficient to support a conviction. It is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations omitted). A defendant's identity can be inferred through circumstantial evidence. *See Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Eyewitness identification is not necessary to sustain a conviction. *See United States v. Brown*, 408 F. 3d 1049, 1051 (8th Cir. 2005); *Dell*, 194 F. Supp. 2d at 648.

The circumstantial evidence was sufficient for a rational trier of fact to conclude that Petitioner had participated in the robbery with his brother and was

shot during the robbery. Petitioner's cell phone activity near the crime scene at the time of the crime was sufficient circumstantial evidence to establish Petitioner's identity. *See United States v. Starnes*, 552 F. App'x 520, 525 (6th Cir. 2014). Petitioner called his mother within minutes of the robbery and told her that he had been shot on Schoolcraft Road, which is the street that the Family Dollar store is located. A few minutes later, the fiancée of Petitioner's mother called her because Petitioner arrived at her home. The home of Petitioner's mother was only five to seven minutes away from Family Dollar. The fiancée informed Petitioner's mother that he would take Petitioner to the hospital. Although there was testimony that there were several hospitals by Petitioner's location in Detroit, he was taken to Beaumont Hospital in Taylor, Michigan, which was some twenty minutes away. At the hospital, Petitioner told the police that he had been shot at around 5:00–6:00 p.m., while walking down Warren Avenue in Detroit, Michigan. However, Detective Wright testified that there were no reports of any shootings in that area on the night of the robbery. Petitioner did not enter the hospital until 8:30 p.m., which suggests his story that he was shot between 5:00–6:00 p.m. is false. Finally, Petitioner's brother—who was the other person involved in the robbery—was shot dead at the scene. This evidence supports the jury's finding that Petitioner was the other person involved in the robbery.

The Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting Petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw*, 699 F.3d 908, 919–21 (6th Cir. 2012). There were multiple pieces of circumstantial evidence to establish Petitioner's identity as the second robber in this case. Accordingly, Petitioner is not entitled to habeas relief on his first claim.

**B. Sentencing Claim**

Petitioner argues that his sentences of 28–50 years for assault with intent to commit murder and armed robbery were disproportionate and amounted to cruel and unusual punishment in violation of the United States Constitution's Eighth Amendment. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment

forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin*, 213 F.3d at 302. Courts reviewing Eighth Amendment proportionality claims must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). When the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1015 (E.D. Mich. 2002). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

11

Petitioner's sentence of 28–50 years in prison was within the statutory limits for the crimes of assault with intent to commit murder and armed robbery, both of which carry a maximum life sentence. Petitioner is not entitled to habeas relief because the sentences were not excessively disproportionate under Sixth Circuit precedent. *See Simpson v. Warren*, 662 F. Supp. 2d 835, 852–53 (E.D. Mich. 2009), *aff'd,* 475 F. App'x 51 (6th Cir. 2012) (sentence of 30-50 years for assault with intent to commit murder plus 2 years for felony-firearm not excessive); *Galloway v. Howes*, 77 F. App'x 304, 305–06 (6th Cir. 2003) (sentence of 40–100 years for armed robbery not excessive where petitioner's sentence did not exceed the maximum possible sentence of life imprisonment and petitioner was a fourth felony habitual offender). Petitioner is not entitled to relief on his second claim.

## C. Certificate of Appealability

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, an inmate must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district

court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *See Dell*, 194 F. Supp. 2d at 659. Nor may Petitioner have leave to appeal *in forma pauperis* because such an appeal could not be taken in good faith. *See id*; *see also* 28 U.S.C. § 1915(a)(3).

### IV. CONCLUSION

For the reasons discussed above, Mr. Thompson-Moore's petition for a writ of habeas corpus [#1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.

**IT IS SO ORDERED.**

Dated: February 1, 2022             /s/ Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager